Encarnación Aboy Cintrón, et al., Appellants *v.* Registrar of Property of San Juan, First Section, Respondent.

No. 973.   Submitted March 5, 1936.—Decided July 24, 1936.

*H. Torres Solá* for appellant.   The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

By public deed executed July 15, 1935, Encarnación Aboy widow of Cintrón sold to Epifanio Fernández Campos an urban property situated in the northern section of the Ward

of Santurce of this Capital, having an area of 5,528 square meters, which she had acquired from The Academy of the Sacred Heart, subject to the following condition:

"It is an essential and resolutory condition of this contact that the purchaser agrees and perpetually becomes bound, personally and through his successors in title of the land exchanged and sold, to construct therein only one or more houses, proper and adequate for the residence or dwelling of a single family, and by no means to construct tenement houses or shop buildings or buildings that may be used for public establishments or for any other purpose than the residence or dwelling house of one family; and it is understood and agreed by the contracting parties that the mere fact that the purchaser or his successors in interest attempt to construct on the lands exchanged and sold a building which is not to be used as the residence of one family or the remodelling of the building already constructed for a different object, or the alteration of its interior for a purpose contrary or different from that expressly agreed, will be sufficient cause to rescind the contract *ipso facto* and to return things to the state in which they were before the execution of the contract; the vendor corporation recovering the property of the lands exchanged and sold without any further obligation than the return of the price received plus an indemnity of 20 cents per square meter of the land exchanged, if it does not wish to rescind the latter, which it is free to do; plus an indemnity equivalent to the value of the building constructed on the land redeemed, said value to be fixed by two experts appointed one by each party and a third elected by them in case of discrepancy."

Shortly after, on October 1, 1935, the Congregación de las Madres del Sagrado Corazón de Jesús en Puerto Rico, successor of The Academy of the Sacred Heart, consented, also by public deed, that the property in question be freed from said condition as follows:

"The Congregación de las Madres del Sagrado Corazón de Jesús en Puerto Rico, through its chairman Reverend Mother Rosa Bolívar, with sufficient authority to do so, declares: that she consents that the property described in the first paragraph of this deed acquired by Encarnación Aboy widow of Cintrón, as per title appearing at the end of its respective description, be freed from the restric-

tions relative to construction to which reference has been made under the clause quoted in paragraph 4 of the explanatory part of this deed, to the end that she or the succession in title of said immovable may construct, on said lot, whatever buildings they may wish, this consent and waiver extending to what has already been constructed on said land and setting aside entirely the condition subsequent imposed, as already said, on two parcels of land which became part of that immovable by grouping, and leaving the property free from any and all other restrictions that may arise from that agreement and in order that notice thereof may be taken in the registry of property.''

When the documents were presented in the registry, the following entry was made:

''Cancellation of the conditions subsequent prayed for in the preceding document is hereby denied as it appears from the registry that, from the three original parcels Nos. 110, 111 and 296 subject to said conditions and from which the property of Epifanio Fernández Campos originates, several parcels have been segregated and recorded in favor of third persons and that without their consent the cancellation of said conditions is attempted to be made, . . . ''

The parties in interest feeling aggrieved took the present appeal from said ruling, and request its reversal. They are right in our opinion.

The clause in question establishes a condition subsequent the fulfillment of which may be demanded by the original vendor by complying in her turn with what the clause itself stipulates, to wit: return of the money received plus an indemnity of 20 cents per square meter of the land delivered to her in exchange if she does not wish to rescind the same, plus an additional indemnity for the value of the buildings constructed on the land recovered.

What the rights of the persons who purchased other parcels of land sold subject to said condition in a case like this may be, between themselves or against the original vendor, if any, is not a question to be decided or determined by the registrar, but by courts of justice if the conflict arises.

Wherefore, the ruling appealed from will be reversed and the registrar ordered to record the document in question without prejudice to the rights of the persons who purchased other parcels segregated from the lands sold subject to said condition.

Mr. Justice Córdova Dávila took no part in the decision of this case.